David A. Haworth (#027031995)
haworthd@ballardspahr.com
Sadé Calin (#231602017 *DNJ admission pending*)
calins@ballardspahr.com
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey  08002-1163
Telephone: 856.761.3400
Fax: 856.761.1020

*Attorneys for plaintiff Republic Car Club, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| REPUBLIC CAR CLUB, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MPH IMPORT & EXPORT, INC.,<br>DELFIN ESPINAL, and JOHN DOE<br>OWNERS/OPERATORS OF MPH IMPORT<br>& EXPORT, INC.<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No.: _____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## <u>COMPLAINT</u>

Plaintiff REPUBLIC CAR CLUB, LLC ("Republic"), by and through its undersigned attorneys at Ballard Spahr LLP, for its Complaint against defendants MPH IMPORT & EXPORT, INC. ("MPH"), DELFIN ESPINAL ("Espinal"), and JOHN DOE OWNERS/OPERATORS OF MPH IMPORT & EXPORT, INC. (collectively, "Defendants") alleges as follows:

## INTRODUCTION

1.     This action arises from unlawful business activities carried out by defendants MPH and Mr. Espinal which had the effect of defrauding plaintiff Republic out of money paid for a vehicle that defendants never delivered.

2.     Defendant MPH, which holds itself out as an automobile dealer and reseller, along with defendant Espinal, MPH's President and Treasurer, and an individual known currently only as "Angela V.", an MPH agent and representative, falsely claimed to have in its possession and available for purchase a certain 2018 Mercedes GLS 450 (the "Vehicle").

3.     Based on these and other fraudulent misrepresentations, Defendants fraudulently induced Republic to enter into an agreement to purchase the Vehicle and wire funds for a vehicle that Defendants have never delivered.  Defendants have ignored repeated requests for reimbursement of the monies that Republic wired without explanation.

## PARTIES

4.     Plaintiff Republic is a New Jersey Limited Liability Company with its main office in Hammonton, New Jersey.  Plaintiff's members are citizens and residents of the State of New Jersey.

5.     Defendant MPH is a Florida corporation engaged in vehicle location and sales with a principal business address of 680 NW 71st Street, Miami, Florida 33150.

6.     Defendant Espinal is a citizen of the State of Florida with an address at 3539 Crystal Court, Miami, Florida 33131.  Defendant Espinal is listed as the sole President, Treasurer, and Registered Agent of MPH.

7.     Defendant JOHN DOES are additional owners or operators of MPH. Defendant Espinal is the registered agent for MPH, and, upon information and belief, the sole

DMEAST #34557029 v4

member of the company.  "Angela V." is an MPH agent and representative who acted as the salesperson and alternative contact for MPH throughout its transaction with Republic and, upon information and belief, is a Florida resident and citizen.  Defendants Espinal and Angela V. made repeated fraudulent misrepresentations to Republic employees, including Christopher Ojeda, that they had possession of the vehicle in question and would work to obtain and transfer title to the vehicle promptly upon payment.

8.      Each of the Defendants acts and has acted as an agent for or alter ego of the other Defendants in carrying out the unlawful behavior described herein, and each is liable for the unlawful conduct of the other Defendants.

## JURISDICTION AND VENUE

9.      This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

10.      This Court has jurisdiction over defendant MPH because MPH conducts business in New Jersey, including working with a New Jersey broker who MPH contacted to purchase a car and then directly with Republic in New Jersey, including invoicing Republic in New Jersey.

11.      This Court has jurisdiction over defendant Espinal and Angela V. because, at all relevant times, they communicated with and solicited the Vehicle sale in New Jersey and caused harm to a New Jersey resident by soliciting the wiring of funds from New Jersey and invoicing Republic in New Jersey, among other conduct.

12.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events, acts and omissions giving rise to the claims herein have taken place in this District.

DMEAST #34557029 v4

## FACTS

13.     Republic contacted a New Jersey broker/dealer to purchase a certain vehicle and was referred to Defendants, who claimed to be in possession of a vehicle with the options that Republic's principle desired.

14.     On December 11, 2017, a Republic employee, Christopher Ojeda, communicated with "Angela V.," an employee of MPH, to whom Republic's principle was referred, regarding the availability, location and purchase of a 2018 Mercedes GLS 450 with the desired options.

15.     On December 11, 2017, Angela V. sent Republic (through Ojeda) photos of the Vehicle Defendants claimed to have available for purchase and claimed to be able to deliver the Vehicle and transfer title promptly upon receipt of a signed contract and the wired funds.  Defendant Espinal made similar misrepresentations to Republic employees including Christopher Ojeda and Thomas Mak.

16.     These repeated statements and representations were false and, on information and belief, were made as part of a MPH business plan designed and/or approved by the individual defendants to induce customers into purchase agreements for vehicles that defendants neither owned nor had any means to acquire with certainty.

17.     Thereafter, Defendants Espinal, Angela V. and MPH repeatedly communicated with Republic employees to induce a sale agreement and represented that the Vehicle was available, would be available for delivery within 72 hours of receipt of payment and that title would be transferred promptly upon payment.

18.     Then, on December 20, 2017, Defendants sent Republic a bill of sale for a vehicle that it reportedly had available at that moment.  Republic requested to see pictures

of the vehicle and the Vehicle Identification Number ("VIN") for the vehicle that Republic's principle desired.

19.     On December 20, 2017, Defendants provided photos of the Vehicle, its "window sticker" build sheet specifying the Vehicle's features, and its VIN (4JGDF6EEXJB076236).

20.     On December 22, 2017, Defendants sent Republic a Bill of Sale for the Vehicle, listing an unpaid balance of $89,090.00.  Republic signed and returned this Bill of Sale on the same date.  A true and correct copy of the executed Bill of Sale is attached as Exhibit A.

21.     On December 22, 2017, Defendants sent Republic instructions to wire transfer $89,090.00 to Defendants' account.

22.     On December 22, 2017, Republic initiated a wire transfer of $89,090.00 to the account provided by MPH.  Upon information and belief, this wire transfer failed because the account number was incorrect or the account had been closed.  The funds eventually were returned to Republic by the bank minus a $50.00 return fee.

23.     On December 27, 2017, Mr. Espinal communicated to Republic employees via text message that the vehicle still was available and Defendants were keeping the Vehicle on hold for Republic while Republic awaited return of the failed wire transfer funds.

24.     On January 3, 2018, Republic agreed to attempt another wire transfer only after Defendants confirmed that the Vehicle was still present and available for purchase. Defendants confirmed the Vehicle was still at the dealership.

25.     On January 9, 2018, Republic successfully transferred $89,090.00 to the account Defendants' provided to purchase the Vehicle.

26.     On January 9, 2018, Defendants provided Republic with an Invoice for the Vehicle.  The Invoice provided the balance was paid in full.  A true and correct copy of the Invoice is attached as Exhibit B.

27.     On January 10, 2018, Republic requested pictures of the Vehicle's exterior, interior and VIN.  Defendants agreed to provide pictures and, on January 11, 2018, Defendants provided more pictures of the Vehicle they purported to have.

28.     On January 11, 2018, Republic hired a carrier to transport the Vehicle from Defendants to Republic, with a pick up date of January 12, 2018.

29.     On January 12, 2018, the carrier arrived at MPH's lot in Florida to pick up the Vehicle and the Vehicle was not present on the lot.  Thereafter, Defendants never delivered the Vehicle to Republic.

30.     Republic made repeated requests for a refund of its payment after the failed pickup on January 12, 2018.

31.     On January 12, 2018, Republic via email requested MPH refund its $89,090.00 payment, plus reimburse the $140.00 in wire fees and costs and $1,000.00 payment to the carrier, totaling $90,230.00, plus interest.  MPH responded that it had the Vehicle and was prepared to deliver it the following week, but never did so.

32.     Then, after repeated calls, most of which were ignored, Mr. Espinal subsequently refused to refund the money paid by Republic and promised the Vehicle would be delivered in March.

33.     On February 23, 2018, Mr. Espinal claimed that Defendants would deliver the Vehicle and clear title to Republic by March 30, 2018.

34.     On March 07, 2018, Mr. Espinal via telephone guaranteed that Defendants would deliver the Vehicle to Republic by March 30, 2018.

35.     On March 07, 2018, Republic ran a CARFAX search on VIN 4JGDF6EEXJB076236 which showed the Vehicle had been sold December 29, 2017 and reported as purchased in Illinois on January 16, 2018.

36.     It is now apparent that when Defendants were not able to deliver the contracted vehicle and/or title, Defendants' engaged in classic bait-and-switch tactics, claiming that they would acquire and deliver an alternative vehicle, but then failed to do so within the promised time frame.  Now, Defendants claim that the payment was non-refundable and, having had Plaintiff's money more than five months, refuse to issue a refund.

37.     Defendants engaged in tortious conduct and violated statutory law by falsely claiming that they had in their possession ready to sell to Republic a certain Vehicle when they did not and misrepresenting repeatedly that they would promptly take steps to transfer title to Republic but never doing so.

38.     Republic has been damaged by the breaches and unlawful conduct of Defendants.  As a result of the false information provided to Republic by Defendants, Republic has been damaged.  Republic has also been forced to pay legal fees that would not have been required but for Defendants' unlawful conduct.

DMEAST #34557029 v4

## COUNT I

### Breach of Contract

### (Against MPH)

39.     Republic incorporates and realleges each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

40.     By providing the Bill of Sale for Republic's execution, Defendants offered to sell the certain Vehicle to Republic.

41.     By signing and returning the Bill of Sale to Defendants, Republic accepted the offer, creating a contract wherein Defendants would sell the Vehicle and Republic would buy the Vehicle.

42.     The agreement is a valid and enforceable contract between MPH and Republic.

43.     Republic fulfilled its obligations under the contract by remitting payment to Defendants, as demonstrated by Defendants' return of an Invoice stamped "PAID."

44.     MPH repeatedly breached the contract by failing to deliver the Vehicle for which it accepted payment and has refused Republic's request for a refund.

45.     As a result of MPH's conduct, Republic has suffered substantial injury and damages for which it is entitled to relief.

WHEREAS, Republic Car Club, LLC respectfully requests that this Court enter judgment in its favor and grant it the following relief:

a.  Rescinding the contract of sale or otherwise declaring Defendants to be in breach of that contract;

b.  Awarding money damages, costs and fees in the amount of $90,230;

c.   Awarding Republic interest on such sums at the highest rate allowed pursuant to law;

d.   Awarding attorneys fees and costs and such other and further relief as this Court deems just and proper.

## COUNT II

### Breach of Duty of Good Faith and Fair Dealing

### (Against Defendants)

46.   Republic incorporates and realleges each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

47.   Defendants' repeated misrepresentations that the Vehicle was available for purchase, that they were working on transferring title when in fact they were not, refusals to refund Plaintiff's payment, Defendants' bait-and-switch and delay tactics, and misrepresentations before and after the contract was signed constitute breaches of the duty of good faith and fair dealing that is implied in every contract.

48.   As a direct and proximate result of Defendants' unlawful conduct, Republic has suffered damages for which it is entitled to relief.

WHEREAS, Republic Car Club, LLC respectfully requests that this Court enter judgment in its favor and grant it the following relief:

a.   Awarding money damages, costs and fees in the amount of $90,230;

b.   Awarding Republic interest on such sums at the highest rate allowed pursuant to law;

c.   Awarding attorneys fees and costs and such other and further relief as this Court deems just and proper.

## COUNT III

### Fraud and Fraudulent Inducement

### (Against Defendants)

49.     Republic incorporates and realleges each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

50.     Defendants made various material misrepresentations to Republic throughout the transaction with the intent of fraudulently inducing Republic to do business with MPH, including by inducing Republic to sign a purchase agreement and wire payment. These misrepresentations include representing to Republic: that MPH had the certain Vehicle on hold for Republic to purchase; that MPH had the Vehicle in its possession for Republic to purchase; that MPH would have the Vehicle in its possession and would deliver the Vehicle and title to Republic promptly, which date later slipped to March 30, 2018.

51.     Through these misrepresentations, Defendants were able to induce Republic to remit payment of $89,090.00 to MPH, plus pay other related costs, in order to purchase and obtain the Vehicle.

52.     Through these misrepresentations, Defendants were able to delay Republic's seeking a refund in hopes of receiving the Vehicle promised.

53.     Defendants knew their misrepresentations were false when they were communicated to Republic.

54.     Defendants knew MPH did not have the Vehicle in its possession to make available to Republic for pick-up after payment was received.

55.     Defendants intended Republic to rely on these misrepresentations in order to obtain payment from Republic.

10

56.     Defendants knew Republic would not remit payment without photo evidence of the Vehicle's availability and, therefore, sent photos of a vehicle Defendants falsely claimed to possess and have title for.

57.     Republic reasonably relied on Defendants' statements, which were purportedly supported by photo evidence of possession sent to Republic by Defendants.

58.     As a direct and proximate result of Defendants' intentional deception, Republic has suffered damages for which it is entitled to relief including contract rescission, money damages, punitive damages, interest and such other relief as the court deems equitable and just.

WHEREAS, Republic Car Club, LLC respectfully requests that this Court enter judgment in its favor and grant it the following relief:

a.   Awarding money damages, costs and fees in the amount of $90,230;

b.   Awarding Republic punitive damages arising out of Defendants egregiously fraudulent conduct;

c.   Awarding Republic its reasonable attorney's fees and costs associated with this action;

d.   Awarding Republic interest on such sums at the highest rate allowed pursuant to law;

e.   Awarding such other and further relief as this Court deems just and proper.

DMEAST #34557029 v4

## COUNT IV

### New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1, *et seq.*)
#### (Against Defendants)

59.     Republic incorporates and realleges each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

60.     The New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq., ("NJCFA") prohibits "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . .." N.J.S.A. § 56:8-2.

61.     At the direction and request of Defendants, Republic conveyed money via wire transfer to an account that, upon information and belief, is owned and/or controlled by Defendants for the purchase of a certain Vehicle which MPH claimed to have available for sale.

62.     Throughout the course of the transaction, Defendants sent various pictures of the Vehicle Defendants claimed to have available for sale to induce Republic to complete the wire transfer and send $89,090.00 to MPH.

63.     Defendants knowingly concealed and affirmatively misled Republic with regard to the fact that MPH did not have the Vehicle in its possession or title.

64.     Defendants knowingly concealed and affirmatively misled Republic with regard to the fact that MPH would not be able to deliver the Vehicle on any of the dates promised.

65.     Defendants have engaged in unconscionable commercial practices, including the use of deception to induce Republic to establish a contractual relationship with MPH and to obtain money from Republic which Defendants have refused to refund.

66.     Defendants' unfair and deceptive conduct caused Republic to suffer ascertainable loss when Republic transferred $89,090.00 to MPH, plus paid $1,140 in related costs, in exchange for a Vehicle Defendants never delivered.

67.     Republic's loss is the direct and proximate result of Defendants' unlawful conduct.  Had Defendants disclosed that they did not have the Vehicle Republic sought to purchase, Republic would not have conveyed money to MPH in order to make the purchase.

68.     Further, Defendants have refused to refund Republic's payment despite MPH's never having delivered the Vehicle the money paid for as promised.  Accordingly, Republic has been required to retain the services of counsel to prosecute this action and thus is entitled to an award of reasonable attorney's fees and costs incurred herein.

WHEREAS, Republic Car Club, LLC respectfully requests that this Court enter judgment in its favor and grant it the following relief:

a.  Awarding Republic damages against Defendants in the amount of $270,690, constituting treble damages of $90,230.00 pursuant to N.J.S.A. § 56.8-19;

b.  Awarding Republic its reasonable attorney's fees and costs associated with this action, pursuant to N.J.S.A. § 56.8-19;

c.  Awarding Republic interest on such sums at the highest rate allowed pursuant to law;

    d.   Awarding such other and further relief as this Court deems just and proper.

## COUNT V

### Unjust Enrichment

### (Against Defendants)

69.    Republic incorporates and realleges each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

70.    Defendants fraudulently induced Republic to remit payment for the Vehicle MPH contracted to sell to Republic.

71.    Defendants received a benefit from Republic's wire transfer of $89,090.00, paid in expectation that MPH would uphold its end of the transaction.

72.    MPH has breached the contract and has provided Republic neither the Vehicle nor a refund of the money, plus costs, paid to MPH for the Vehicle.

73.    Defendants have been unjustly enriched.

74.    As a direct and proximate result of Defendants' unlawful conduct, Republic has suffered damages for which it is entitled to relief.

WHEREAS, Republic Car Club, LLC respectfully requests that this Court enter judgment in its favor and grant it the following relief:

    a.   Awarding money damages, costs and fees in the amount of $90,230;

    b.   Awarding Republic punitive damages arising out of Defendants fraudulent conduct;

    c.   Awarding Republic its reasonable attorney's fees and costs associated with this action;

14

    d.  Awarding Republic interest on such sums at the highest rate allowed pursuant to law;

    e.  Awarding such other and further relief as this Court deems just and proper.

**<u>Prayer for Relief</u>**

WHEREFORE, Republic Car Club, LLC respectfully requests that this Court enter judgment in its favor and grant it the following relief:

1. Rescinding the contract of sale or otherwise declaring Defendants to be in breach of that contract;

2. Awarding Republic money damages, costs and fees in the amount of $90,230;

3. Awarding Republic punitive damages arising out of Defendants fraudulent conduct;

4. Awarding Republic damages against Defendants in the amount of $270,690, constituting treble damages of $90,230.00 pursuant to N.J.S.A. § 56.8-19;

5. Awarding Republic its reasonable attorney's fees and costs associated with this action;

6. Awarding Republic interest on such sums at the highest rate allowed pursuant to law;

7. Awarding such other and further relief as this Court deems just and proper.

**DATED:**        June 5, 2018                    */s/ David A. Haworth*

David A. Haworth (#027031995)
haworthd@ballardspahr.com
Sadé Calin (#231602017 *DNJ admission pending*)
calins@ballardspahr.com
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey  08002-1163
Telephone: 856.761.3400
Fax: 856.761.1020

*Attorneys for plaintiff    Republic Car Club, LLC*

16

## Jury Demand

Republic Car Club, LLC demands trial by jury on all issues so triable.

**DATED:**      June 5, 2018                     */s/ David A. Haworth*

David A. Haworth (#027031995)
haworthd@ballardspahr.com
Sadé Calin (#231602017 *DNJ admission pending*)
calins@ballardspahr.com
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey  08002-1163
Telephone: 856.761.3400
Fax: 856.761.1020

*Attorneys for plaintiff     Republic Car Club, LLC*

17

## L.CIV.R. 11.2 CERTIFICATION

The undersigned hereby certifies that this matter in controversy is not the subject of any other action pending in any court, arbitration, or administrative proceeding.

**DATED:**      June 5, 2018                    */s/ David A. Haworth*

David A. Haworth (#027031995)
haworthd@ballardspahr.com
Sadé Calin (#231602017 *DNJ admission pending*)
calins@ballardspahr.com
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey  08002-1163
Telephone: 856.761.3400
Fax: 856.761.1020

*Attorneys for plaintiff*
*Republic Car Club, LLC*

DMEAST #34557029 v4