IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REPUBLIC CAR CLUB, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>MPH IMPORT & EXPORT, INC.,<br>DELFIN ESPINAL, and JOHN DOE<br>OWNERS/OPERATORS OF MPH IMPORT<br>& EXPORT, INC.<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 18-10188 (JBS-KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

This matter comes before the Court on Plaintiff Republic Car Club, LLC's ("Plaintiff") motion for default judgment [Docket Item 10] and a cross-motion by Defendants MPH Import & Export, Inc., Delfin Espinal, and John Doe Owners/Operators ("Defendants") to vacate default entered against Defendants. [Docket Item 13.] For the reasons stated below, Plaintiff's motion will be denied and Defendants' cross-motion will be granted. The Court finds as follows:

1. On June 5, 2018, Plaintiff, a motor vehicle Limited Liability Company, filed a Complaint in the U.S. District Court for the District of New Jersey alleging that Defendants MPH, an automobile dealer and reseller, and Delfin Espinal, the President and Treasurer of the company, breached an agreement between the

parties by failing to deliver a particular vehicle. [Docket Item 13.]

2. On July 17, 2018, Plaintiff filed affidavits of service upon the docket [Docket Items 6 & 7], affirming that Defendants MPH Import & Export, Inc. and Delfin Espinal were served on July 2, 2018. Plaintiff then moved for default against those Defendants [Docket Item 8], and the Clerk of Court entered default on September 5, 2018.

3. Shortly thereafter, Plaintiff filed the instant motion for default judgment [Docket Item 10], seeking damages, attorney's fees, and costs. Defendants timely filed opposition [Docket Item 11], and Plaintiff filed a reply brief in support of the motion for default judgment. [Docket Item 12.] Defendants then cross-moved to vacate default [Docket Item 13], essentially incorporating by reference their brief in opposition to Plaintiff's motion for default judgment. The matter is now fully briefed and ripe for disposition under Rule 78, Fed. R. Civ. P.

4. The Federal Rules of Civil Procedure provide that "the court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The United States Court of Appeals for the Third Circuit has adopted a policy disfavoring default judgments and encouraging decisions on the merits, Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 254 (3d Cir. 1951), though the decision to vacate a default judgment is left to the sound discretion of

the trial court. In exercising this discretion, the court must consider (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. United States v. $ 55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). Any doubts should be resolved in favor of setting aside the default and reaching a decision on the merits. Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983). Applying these factors to the instant case, the Court determines that the default should be vacated.

    5. First, the Court finds that Plaintiff will not be prejudiced if default is set aside. Prejudice may be shown if "the non-defaulting party's ability to pursue the claim has been hindered since the entry of the default judgment." Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982). "[L]oss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the [default] judgement" may support finding of prejudice. Id. In this case, default judgment has not yet been entered. Furthermore, Plaintiff has not suggested any reliance or loss of evidence that would prejudice its claim if the default is vacated. See Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982) (discussing lack of evidence that plaintiff would be prejudiced by vacating the default). The Court notes that

3

Defendants, in their cross-motion to vacate, have requested additional time to answer, move, or otherwise reply to the Complaint if the default is vacated. Allowing Defendants to answer the Complaint will not lead to loss of evidence or increased potential for fraud or collusion; instead, it will enable the Court to reach a decision on the merits of the case, which is encouraged by the policy of this Circuit. Thus, this factor weighs in favor of vacating default.

6. Second, the Court finds that Defendants have stated a plausibly-meritorious defense. A threshold question when considering a motion to vacate default is "whether the defendant has alleged facts which, if established at trial, would constitute a meritorious defense to the cause of action." Cent. W. Rental Co. v. Horizon Leasing, 967 F.2d 832, 836 (3d Cir. 1992). Rule 55, Fed. R. Civ. P., does not require a defaulting party "to prove beyond a shadow of doubt that they will win a trial, but merely to show that they have a defense to the action which at least has merits on its face." Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). Here, Defendants dispute the amount of damages alleged by Plaintiff in the Complaint and supporting exhibits. (Defs.' Br. at 5.) They assert that this forms the factual basis for the affirmative defenses of failure to mitigate damages, impossibility, and breach of the covenant of good faith and fair dealing. (Id.) Defendants further argue that, "for similar reasons, [they] are

4

entitled to the benefit of the affirmative defense of recoupment based upon the Plaintiff's own breaches of the contract." (Id.) If proven by Defendants, those defenses would preclude some or all of the Plaintiff's recovery. Defendants have therefore presented sufficient plausibly-meritorious defenses to warrant vacating the entry of default so that the case can proceed upon the merits. Thus, this second factor also weighs in favor of vacating default.

    7. Finally, default did not result from Defendants' "culpable conduct." In considering whether such conduct led to the default, the court must evaluate a defendant's culpability as "more than mere negligence." Hirtz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984). "Reckless disregard for repeated communication from plaintiffs and the court . . . can satisfy the culpable conduct standard." Id. However, mere breakdown in communication among the defaulting party's counsel warrants favorable review. Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987); Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983). In this case, the default does not appear to have been the result of "reckless disregard for repeated communications from plaintiffs," Hirtz, 732 F.2d at 1183, but, according to Defendants, from the slowdown of settlement negotiations despite the best efforts of both parties to restore the relationship and avoid costly litigation. (Defs.' Br. at 6.) Moreover, Defendants' hiring of counsel shortly after being initially served with the Complaint

further suggests that "Defendants were attempting to resolve this matter and still wish to do so." (Id.) Under these circumstances, the Court finds that Defendants' conduct does not meet the Hritz standard of culpable conduct. Accordingly, this final factor weighs in favor of vacating default.

8. For these reasons, the Court will grant Defendants' motion to vacate default and deny Plaintiff's motion for default judgment. Defendants may answer, move, or otherwise respond to Plaintiff's Complaint within fourteen days of this date. The accompanying Order will be entered.

**June 21, 2019**              **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                                 U.S. District Judge